UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| EILEEN LONGSTREET,<br><br>Plaintiff,<br><br>v.<br><br>PULTE HOMES TENNESSEE LIMITED PARTNERSHIP,<br><br>Defendant. | )<br>)<br>)<br>) Case No. 1:25-cv-00037<br>)<br>) Removed from Maury County Chancery<br>) Court, Case No. 25-238<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PENDING THE PARTIES' PARTICIPATION IN MANDATORY PRE-LITIGATION MEDIATION**

Defendant Pulte Homes Tennessee Limited Partnership ("Pulte"), pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves to dismiss Plaintiff Eileen Longstreet's Complaint, or, alternatively, to stay this case pending the Parties' participation in mandatory pre-litigation mediation. As grounds for its Motion, Pulte states as follows:

1. Plaintiff sued Pulte alleging, among other things, that Pulte failed to timely "turn over" control of the Southern Springs Homeowners' Association ("HOA") to Southern Springs homeowners. The basis for Plaintiff's claims is the Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Southern Springs (the "Declaration") (Doc. No. 1-1 at PageID ## 30–100).

2. Section 14.5 of the Declaration provides ***mandatory*** procedures, including mediation, that must be employed before a party to the Declaration, such as a Southern Springs homeowner, may commence litigation. Plaintiff did not follow such procedures before initiating this litigation and makes no representation that she has followed such procedures in her Complaint.

This warrants dismissal of Plaintiff's action, or, at minimum, a stay of this action pending the Parties' participation in mediation.

3. Plaintiff's declaratory judgment claim (Count I) likewise fails as Plaintiff—from the face of her Complaint—has not pled facts sufficient to support her claim that Pulte is required to turn over the HOA at this time. While Plaintiff asserts that Pulte represented it would be turning over the HOA at certain times, at no point within her Complaint does she allege that Pulte no longer owns property within three miles of Southern Springs, a prerequisite to trigging turnover.

4. Pulte relies on and incorporates its contemporaneously filed Memorandum of Law in support of this Motion.

5. On June 4, 2025, Pulte's undersigned counsel emailed Plaintiff's counsel about the mandatory pre-litigation procedures and informed Plaintiff's counsel that Pulte intended to file a motion to dismiss, or, in the alternative, to stay the action and compel mediation. Pulte's counsel asked Plaintiff's counsel if Plaintiff would consent to the motion or agree to a stay for purposes of complying with the mandatory mediation provision. As of the date of filing this Motion, Pulte's undersigned counsel has not received a response.

WHEREFORE, Pulte respectfully requests that the Court dismiss the Complaint in its entirety, or, alternatively, stay this action pending the Parties' participation in mandatory pre-litigation mediation.

Respectfully submitted,

By: */s Russell B. Morgan*
Russell B. Morgan (No. 20218)
Rachel L. Sodée (No. 38391)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Tel.: (615) 252-2311
Fax: (615) 252-6380
rmorgan@bradley.com
rsodee@bradley.com

*Attorneys for Pulte Homes Tennessee Limited Partnership*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded via email and/or U.S. Mail to:

John O. Belcher
Katherine Garro McCain
BELCHER SYKES HARRINGTON, PLLC
320 Seven Springs Way, Suite 110
Brentwood, TN 37027
jbelcher@bshlawyers.com
kmccain@bshlawyers.com

*Attorneys for Plaintiff Eileen Longstreet*

on this the 6th day of June, 2025.

*/s/ Russell B. Morgan*
Russell B. Morgan