UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| EILEEN LONGSTREET,<br><br>Plaintiff,<br><br>v.<br><br>PULTE HOMES TENNESSEE LIMITED PARTNERSHIP,<br><br>Defendant. | ) | Case No. 1:25-cv-00037<br><br>Removed from Maury County Chancery Court, Case No. 25-238 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PENDING THE PARTIES' PARTICIPATION IN MANDATORY PRE-LITIGATION MEDIATION**

Defendant Pulte Homes Tennessee Limited Partnership ("Pulte"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Plaintiff Eileen Longstreet's Complaint or, in the alternative, to stay this case pending the Parties' participation in mandatory pre-litigation mediation pursuant to Section 14.5 of the Amended and Restated Declaration of Covenants, Conditions, and Restrictions for Southern Springs (the "Declaration") (Doc. No. 1-1 at PageID ## 30–100). In support of this Motion, Pulte states:

## INTRODUCTION

Plaintiff sued Pulte alleging, among other things, that Pulte failed to timely "turn over" control of the Southern Springs Homeowners' Association ("HOA") to Southern Springs homeowners. The basis for Plaintiff's claims is the Declaration (*id.*), a document which spells out the period of time during which Pulte, as Declarant, shall maintain control of the HOA. While Plaintiff's claims are rooted in the Declaration, Plaintiff ignores Section 14.5 of the Declaration which provides ***mandatory*** procedures, including mediation, that must be employed before a party

to the Declaration, such as a Southern Springs homeowner, may commence litigation. This warrants dismissal of Plaintiff's action, or, at minimum, a stay of this action pending the Parties' participation in mediation.

Further and independent from the mandatory pre-litigation procedures, Plaintiff fails to plead facts sufficient to support its claim that Pulte is required to turn over the HOA at this time. While Plaintiff asserts that Pulte represented it would be turning over the HOA at certain times, at no point within her Complaint does she allege that Pulte no longer owns property within three miles of Southern Springs, a prerequisite to trigging turnover. Accordingly, Plaintiff has not alleged facts that would support a mandatory turnover and her declaratory judgment claim related to same (Count I) should be dismissed.

## FACTUAL ALLEGATIONS

Plaintiff has resided in Southern Springs since she purchased property from Pulte on or around September 19, 2018. Compl., Doc. 1-1, ¶ 1. Plaintiff obtained her property through a Special Warranty Deed, which Plaintiff attached to her Complaint as Exhibit A. *Id.* The Special Warranty Deed noted that the "conveyance is subject to (a) all restrictions of record. . ." *Id.* at PageID ## 28–29. The Declaration (*id.* at PageID ## 30–100) was a restriction of record at the time of Plaintiff purchased her property and, therefore, her purchase was subject to the Declaration and the covenants contained therein. Compl., Doc. 1-1, ¶ 9.

Section 14.5 of the Declaration contains a mandatory dispute resolution procedure:

> 14.5 Mandatory Procedures.
>
> (a) Notice. Any Bound Party having a Claim ("Claimant") against any other Bound Party ("Respondent") (collectively, the "Parties") shall notify each Respondent in writing (the "Notice"), stating plainly and concisely:
>
>> (i) the nature of the Claim, including the Persons involved and Respondent's role in the Claim;

(ii) the legal basis of the Claim (i.e., the specific authority out of which the Claim arises);

(iii) Claimant's proposed remedy; and

(iv) that Claimant will meet with Respondent to discuss good faith ways to resolve the Claim.

(b) Negotiation and Mediation. The Parties shall make every reasonable effort to meet in person and confer for the purpose of resolving the Claim by good faith negotiation. If requested in writing, accompanied by a copy of the Notice, the Board may appoint a representative to assist the Parties in negotiation.

If the Parties do not resolve the Claim within thirty (30) days of the date of the Notice (or within such other period as may be agreed upon by the Parties) ("Termination of Negotiations"), Claimant shall have thirty (30) additional days to submit the Claim to mediation under the auspices of an independent agency providing dispute resolution services in the Middle Tennessee area.

If Claimant does not submit the Claim to mediation within such time, or does not appear for the mediation, Claimant shall be deemed to have waived the Claim, and Respondent shall be released and discharged from any and all liability to Claimant on account of such Claim; provided, nothing herein shall release or discharge Respondent from any liability to any Person other than the Claimant.

Any settlement of the Claim through mediation shall be documented in writing by the mediator and signed by the Parties. If the Parties do not settle the Claim within thirty (30) days after submission of the matter to the mediation, or within such time as determined by the mediator, the mediator shall issue a written notice of termination of the mediation proceedings. The notice of termination of mediation shall set forth that the Parties are at an impasse and the date that mediation was terminated.

*Id.* at PageID ## 93–94. Plaintiff proceeded with filing this action prior to requesting or participating in the mediation required by Section 14.5 and made no allegations in her Complaint that the mandatory mediation occurred and was unsuccessful.

The Declaration also addresses the creation of a non-profit association known as Southern Springs Community Association (the HOA). *Id.* at ¶ 11. Pulte was the Declarant. *Id.* ¶ 12. Section 1.17 of the Declaration defines the "Declarant Control Period" as:

> The period commencing upon the recording of this Declaration and ending upon the first to occur of:
>
> (a) The end of the Development Period or
>
> (b) The date designated in written notice recorded in public records as being the end of the Declarant Control Period.

*Id.* at ¶ 14. The "Development Period" is described as "the period of time commencing upon the recording of this Declaration and at such time as Declarant no longer holds or controls title to any portion of the real estate which is described in Exhibit B" to the Declaration, which identifies "Any real property located within three (3) miles of any part of the Property." *Id.* at ¶¶ 15-16. During the Development Control Period, the Declarant (Pulte) has voting control over HOA decisions. *Id.* ¶ 9. Plaintiff has not alleged at any point in her Complaint that Pulte "no longer holds or controls title to any portion of the real estate" as described in Exhibit B to the Declaration. As a result, she has not alleged that the Development Control Period ended and therefore that the time for the turnover has expired.

## STANDARD OF LAW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "sufficient fact[s], accepted as true, to state a claim to relief that is plausible on its face." *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 658 (M.D. Tenn. 2018) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Dismissal is appropriate both when plaintiffs allege insufficient facts to "'nudge their claims across the line from conceivable to plausible'" *Z.J.*, 355 F. Supp. 3d at 658 (quoting *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013)) and "where the complaint, however factually detailed, fails to state a claim as a matter of law." *Z.J.*, 355 F. Supp. 3d at 658 (quoting *Mitchell v. McNeil*, 487 F.3d 374,

379 (6th Cir. 2007)). While courts are to accept all well-pleaded facts as true and construe allegations in the light most favorable to the plaintiff, courts are not to accept legal conclusions or unwarranted factual inferences as true. *Theile v. Michigan*, 891 F.3d 240, 243 (6th Cir. 2018).

## ARGUMENT

### A. THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFF HAS NOT SATISFIED THE MANDATORY PRE-LITIGATION PROCEDURES REQUIRED BY THE DECLARATION, OR, ALTERNATIVELY, STAY FURTHER LITIGATION PENDING MEDIATION.

The Declaration contains a mandatory procedure that required Plaintiff to request and participate in mediation with respect to the claims asserted in the Complaint, which arise out of Pulte's actions as Declarant under the Declaration. Because Plaintiff failed to comply with a condition precedent to bringing a lawsuit, as set forth in Section 14.5 of the Declaration, her complaint should be dismissed. *See, e.g.*, *Gipson Mech. Contractors, Inc. v. U.A. Loc. 572*, 362 F. Supp. 3d 451, 462 (M.D. Tenn. 2019) (granting Rule 12(b)(6) motion to dismiss breach of contract claim where plaintiff failed to comply with contractual dispute resolution procedure); *Rivas v. CBK Lodge Gen. Partner, LLC*, No. 3:19-CV-01948, 2021 WL 3190814, at *4 (M.D. Pa. July 27, 2021) (granting Rule 12(b)(6) motion to dismiss where third-party plaintiff failed to comply with pre-litigation dispute resolution clause).

In the alternative, the Court should stay further litigation and compel Plaintiff to proceed with the mandatory pre-litigation procedure, including mediation. District courts in the Sixth Circuit have routinely stayed litigation to allow litigants to proceed with mandatory dispute resolution procedures, including mediation and arbitration. *See, e.g.*, *Girdlestone v. Ace Ltd.*, No. 3:09-CV-530, 2010 WL 3341854, at *5 (E.D. Tenn. Aug. 25, 2010) (staying litigation pending adherence to policy's mandatory dispute resolution procedure that provided for election between mediation or arbitration); *Doss v. Nordstrom, Inc.*, No. 3:15-CV-904, 2016 WL 5793238, at *6

(M.D. Tenn. Sept. 22, 2016) (same with respect to mandatory arbitration provision in contract); *Harris v. Fiserv Sols., Inc.*, No. 3:06-0121, 2006 WL 1083390, at *3 (M.D. Tenn. Apr. 24, 2006) (same); *Corso Enters., Inc. v. Shop at Home Network, Inc.*, No. 3:04-0260, 2004 WL 7082309, at *2 (M.D. Tenn. Sept. 27, 2004) (same with respect to mandatory alternative pre-litigation dispute resolution scheme in contract).

### B. THE COURT SHOULD DISMISS COUNT ONE OF THE COMPLAINT AS PLAINTIFF HAS ALLEGED NO FACTS INDICATING THAT PULTE HAS FAILED TO TIMELY TURN OVER CONTROL OF THE HOA.

In Count I, Plaintiff claims that Pulte breached a contract and failed to turn over HOA control to members, seeking injunctive relief and a declaratory judgment. *See generally* Compl., Doc. 1-1, ¶¶ 54–65. Plaintiff, however, fails to allege facts that support the assertion that the Development Control Period, which defines when Declarant's control ends, occurred. Specifically, Plaintiff has not alleged that Pulte did not own any property that was subject to the Declaration. Accordingly, Plaintiff has not alleged facts that would support her claim that Pulte was required to turn over voting control over the HOA. Accordingly, Count 1 of the Complaint should be dismissed.

## CONCLUSION

For these reasons, Pulte respectfully requests that the Court dismiss the Complaint in its entirety, or, alternatively, stay this action pending the Parties' participation in mandatory pre-litigation mediation.

Respectfully submitted,

By: */s Russell B. Morgan*

Russell B. Morgan (No. 20218)
Rachel L. Sodée (No. 38391)
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Tel.: (615) 252-2311
Fax: (615) 252-6380
rmorgan@bradley.com
rsodee@bradley.com

*Attorneys for Pulte Homes Tennessee Limited Partnership*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded via email and/or U.S. Mail to:

John O. Belcher
Katherine Garro McCain
BELCHER SYKES HARRINGTON, PLLC
320 Seven Springs Way, Suite 110
Brentwood, TN 37027
jbelcher@bshlawyers.com
kmccain@bshlawyers.com

*Attorneys for Plaintiff Eileen Longstreet*

on this the 6th day of June, 2025.

*/s/ Russell B. Morgan*
Russell B. Morgan